JUDGE FURMAN

William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
488 Madison Avenue, Suite 1100
New York, New York 10022
Phone: (212) 286-1425; Fax: (646) 688-3078



RECEIVED
JAN 14 2013
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

**13 CIV 293**

OSAGIE IKIKHUEME, Individually and on
Behalf of All Other Persons Similarly Situated,

                Plaintiff,

       -against-

CULINART, INC., MIKE VIOLA, MATTHEW
SANTARPIA, and John Does # 1-10,

                Defendants.
-------------------------------------------------------------X

13 Civ. _____

**COMPLAINT AND
JURY DEMAND**

Plaintiff OSAGIE IKIKHUEME ("Plaintiff"), individually and as class representative of

other employees similarly situated, by and through his attorney, complains and alleges for his

compliant against CULINART, INC., MIKE VIOLA, MATTHEW SANTARPIA, and John

Does #1-10 (together "Defendants") as follows:

## NATURE OF ACTION

1.     This is an action seeking recovery of unpaid hourly wages and overtime wages on

behalf of Plaintiff and similar employees who worked as food service employees for Defendants,

in excess of 50 hours per week, and were at all times paid at their straight time rate for all hours

for which Defendants gave them credit, and were not compensated at time and one half their

regular rate of pay for hours worked in excess of forty hour per workweek.

2.     Plaintiff alleges on behalf of himself and other similarly situated current and

former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that they are: (i) entitled to unpaid wages from

Defendants for work for which they did not receive minimum wages as required by law, and (ii)

entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

3.      Plaintiff further complains on behalf of himself, and a class of other similarly

situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23, that they

are entitled to back wages from Defendants, as required by the New York Labor Law §§ 650 *et*

*seq.* and the supporting New York State Department of Labor regulations and the New York

common law.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. § 1367.  In addition, this Court has jurisdiction over Plaintiff's claims under the

FLSA pursuant to 29 U.S.C. § 216(b).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

## PARTIES

7.      Plaintiff OSAGIE IKIKHUEME at all relevant times has been an adult individual,

residing in Queens County, New York.

8.      Upon information and belief, Defendant, CULINART, INC. ("CulinArt"), is a

corporation organized and existing in the State of New York, doing business throughout New

York City, including the Southern District of New York.

9.     Upon information and belief, Defendant CulinArt, is a regional contract dining service company, operating onsite corporate, educational, and leisure dining facilities throughout the northeast and California, with its principal place of business located at 175 Sunnyside Blvd., Plainview, New York 11803, Nassau County.

10.     Upon information and belief, during the relevant time period, Defendant CulinArt had a contract with Teachers College, Columbia University ("Teachers College"), located in the Southern District of New York, at 525 West 120th Street, New York New York 10027.

11.     Upon information and belief, Defendant MIKE VIOLA ("Viola") is the director of food services at Teachers College, and is the direct supervisor of Plaintiff, and controls the day to day operations and management of CulinArt and jointly employed Plaintiff and other similarly situated employees at all relevant times.

12.     Upon information and belief, Defendant MATTHEW SANTARPIA ("Santarpia") is a director in the Human Resources department of CulinArt, and operates and/or controls the day to day operations and management of CulinArt and jointly employed Plaintiff and other similarly situated employees at all relevant times.

13.     Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of Defendants, whose identities are unknown at this time and who participated in the day-to-day operations of Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the New York Labor Law § 2 and the regulations thereunder, and are jointly and severally liable with Defendants.

14.     Each Defendant, including but not limited to Viola and Santarpia, either directly or indirectly, has hired and fired Plaintiff and other similar employees; controlled the work

3

schedule and conditions of employment of Plaintiff and similar employees; determined the rate and method of payments of Plaintiff and similar employees; and kept at least some records regarding the employment of Plaintiff and similar employees.

## COLLECTIVE ACTION ALLEGATIONS

15.     Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since January 14, 2007 to the entry of judgment in this case (the "Collective Action Period") (statute of limitations tolled for failure to post notice), who were non-exempt employees within the meaning of the FLSA and who were not paid for all of their hours worked, and were not paid minimum wages (the "Collective Action Members").

16.     This collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least 40 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

17.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

18.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore,

4

inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

19.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a.  whether the Defendants employed the Collective Action members within the meaning of the FLSA;

    b.  whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

    c.  what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d.  whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff is employed, in violation of C.F.R. § 516.4;

    e.  whether Defendants failed to pay the Collective Action Members, overtime wages or minimum wages for hours worked in violation of the FLSA and the regulations promulgated thereunder;

    f.  whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

g. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

h. whether Defendants should be enjoined from such violations of the FLSA in the future.

20. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

21. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

22. Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since January 14, 2007, to the entry of judgment in this case (the "Class Period"), and who were non-exempt employees within the meaning of the New York Labor Law and have not been paid minimum wages and/or hourly wages for all hours worked by them in violation of the New York Labor Law, and the New York common law (the "Class").

23. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there at least 40 members of Class during the Class Period.

24. The claims of Plaintiff are typical of the claims of the Class, and a class action is

6

superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants.

25.     The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

26.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

27.     Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

28.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.  whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

b.  whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

c.  what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.  whether Defendants failed and/or refused to pay the members of the Class, overtime wages, minimum wages and/or hourly wages for all hours worked by them, within the meaning of the New York Labor Law;

e.  whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, interest, costs and disbursements and attorneys' fees; and

f.  whether the Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF FACTS

29.    Ikikhueme was employed full time by CULINART, INC., MIKE VIOLA, and MATTHEW SANTARPIA (together "Defendants") as a food service employee for a number of months from about August 16, 2011 until about December 21, 2012, and was paid on an hourly basis for hour for which he was given credit.

30.    From August 16, 2011 until about February 3, 2012, Ikikhueme worked for Defendants as a sous chef at One World Financial Center, New York, New York 10281.

31.    From February 6, 2012 until about April 31, 2012, Ikikhueme worked for Defendants as a chef manager at York College.

32.    From May 1, 2012 until December 21, 2012 Ikikhueme worked for Defendants as a sous chef at Teachers College, Columbia University (the "time period").

33.    During the time period, Ikikhueme was not paid for all of his hours worked, and Ikikhueme was not paid any overtime compensation at rates not less than one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours per workweek ("overtime wages") in violation of the Fair Labor Standards Act (FLSA) and applicable New York Labor Laws.

34.    Defendant CulinArt, is a regional contract dining service company, operating onsite corporate, educational, and leisure dining facilities throughout the northeast and California, with its principal place of business located at 175 Sunnyside Blvd., Plainview, New York 11803.

35.    During the time period, CulinArt had a contract with Teachers College, Columbia University ("Teachers College").

36.    Defendant Viola is the director of food services at Teachers College, and is the direct supervisor of Ikikhueme.

37.    Upon information and belief, Defendant Santarpia is employed by CulinArt and works for the Human Resources department.

38.    Upon information and belief, Defendant Viola, and Defendant Santarpia, either directly or indirectly, hired and/or fired Ikikhueme and other food service employees; controlled their work schedule and conditions of employment; determined the rate and method of their payment; and kept at least some records regarding their employment.

39.    During the time period, Defendants had at least 40 food service employees.

40.    During the time period, Ikikhueme worked with at least 20 similar food service employees based in Teachers College.

41.    During the time period, Ikikhueme generally worked 50-65 hours per week and was not paid for all of his hours worked.

42.    During the time period, for the months of May, October, November, and December, Ikikhueme generally worked five days a week, Monday through Friday.

43.    During the time period, for the months of June, July, August and September, Ikikhueme generally worked six days a week, Monday through Saturday.

9

44.     From Monday through Friday, Ikikhueme generally started work at 6:00 a.m. and ended at 4:00 p.m., or later if Ikikhueme worked a party.

45.     On Saturday, Ikikhueme generally started work at about 10:00 a.m. and ended at about 1:00 a.m.

46.     On days Ikikhueme worked a party, in addition to his regular schedule, Ikikhueme worked from 4:00 p.m. until about 1:00 a.m.

47.     Ikikhueme was generally paid a rate of $20.625 for all of the hours for which Defendants gave him credit, except for the additional party hours.

48.     Ikikhueme was paid at a rate of $23.00 for his hours worked during a party, for which Defendants gave him credit.

49.     During the time period, Ikikhueme was never paid at time and one half his regular pay rate for his hours worked over forty (40) in a workweek ("overtime wages").

50.     During the time period, Ikikhueme did not take a lunch break, and Ikikhueme generally ate while working.

51.     Although Defendants have a 30 minute break listed on Ikikhueme's schedule, Ikikhueme was not permitted to take this break and did not take this break.

52.     During the time period, Defendants did not post any notice indicating that food service employees had a right to minimum wages and/or overtime at Teachers College.

53.     During the time period, Ikikhueme and the other food service employees, except for the managers, did not sign in/out or clock in/out of their jobs.

54.     During the time period, Ikikhueme generally worked 50-65 hours per week and was not paid for all of his hours worked, and Ikikhueme was not paid any overtime pay.

55.     Defendants generally only gave Ikikhueme credit for working 40-48 hours per week, and at all times paid Ikikhueme at his straight time rate for all of the hours for which they gave him credit.

56.     Ikikhueme's job responsibilities did not require any independent judgment, and Ikikhueme did not have the power to hire or fire employees.

57.     During the time period, there were at least 20 other food service employees who did similar work as Ikikhueme and also had no power to hire or fire employees.

58.     There is high turnover rate applicable to food service employees as most of the employees stay employed for only a few months.

59.     Upon information and belief, there are at least 40 other food service employees employed by Defendants during the last three years, who worked more than forty (40) hours in a workweek, and were not paid for all of their hours worked, and did not receive time and one half for their hours worked over forty (40) in a workweek.

60.     During the time period, Ikikhueme and these other similar food service employees worked for Defendants, but were not paid for all of their hours worked, and were not pay any overtime wages.

61.     During the time period, Ikikhueme constantly complained to Viola, and Santarpia, about not being paid any overtime wages.

62.     Specifically, Ikikhueme complained to Viola about not being paid any overtime wages when Ikikhueme received his first paycheck for working at Teachers College, and on a monthly basis thereafter.

63.     After complaining about not being paid overtime wages, Defendant Viola started giving Ikikhueme write-ups for allegedly not performing all of the tasks given to him by the

11

executive chef.

64.    Ikikhueme refused to sign the write-ups because they were not true, and because Ikikhueme had performed all of the tasks assigned to him.

65.    Ikikhueme asked Viola if Ikikhueme was receiving these write-ups because Ikikhueme had complained about not being paid overtime wages.

66.    In response, Viola terminated Ikikhueme and told Ikikhueme that he should collect unemployment.

67.    Ikikhueme was terminated as of December 21, 2012 by Viola, in retaliation for his complaints about not being paid any overtime wages.

68.    In response to Ikikhueme's complaints, Viola informed Ikikhueme that it was the company's policy not to pay any employees' overtime premium pay.

69.    Ikikhueme knows that others like him were not paid for all of their hours worked, and were not paid overtime wages by Defendants because Ikikhueme was informed, by Viola, that it was Defendants' policy not to pay any employee overtime wages.

70.    Throughout the time period, Defendants have likewise employed other individuals, like Ikikhueme, in positions as food service employees.

71.    Throughout the time period, such individuals have worked long hours for Defendants, yet the Defendants have likewise failed to pay them wages for all hours worked, and overtime wages for all hours worked over 40 in a workweek.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

72.    Plaintiff repeats and realleges each and every allegation of the preceding

paragraphs hereof with the same force and effect as though fully set forth herein.

73.   At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

74.   At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

75.   Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

76.   Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). The named Plaintiff's written consent is attached hereto and incorporated by reference.

77.   At all relevant times, the Defendants had a policy and practice of refusing to pay its employees minimum wages for all of their hours worked.

78.   As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members overtime wages and/or minimum wages for all of their hours worked the Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

79.   As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

80.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

13

81.     Due to the Defendants' FLSA violations, Plaintiff and the Collective Action Class are entitled to recover from the Defendants, their unpaid minimum wages, and an equal additional amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW

82.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

83.     At all relevant times, Plaintiff and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

84.     Defendants willfully violated Plaintiff's rights, and the rights of the members of the Class, by failing to pay them wages in violation of the New York Labor Law and its regulations.

85.     The Defendants' New York Labor Law violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law. Due to the Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid wages, unpaid minimum wages, reasonable attorneys' fees, and/or costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## THIRD CLAIM FOR RELIEF
### (FLSA - Discrimination and Retaliation)

86.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

87.     By terminating Plaintiff, Defendants violated the FLSA, 29 U.S.C. §201 et seq. Section 215 (a) (3) specifically states:

It shall be unlawful for any person—

> (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act [29 USCS §§ 201 et seq., generally; for full classification, consult USCS Tables volumes], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

88.     Due to Defendants' illegal termination of Plaintiff, Plaintiff seeks and is entitled to recover from Defendants his unpaid wages, unpaid overtime compensation, damages for unreasonably delayed payment of wages, back pay, front pay, rehiring and/or reinstatement to his former position, and reasonable attorneys' fees, and costs and disbursements of the action.

## FOURTH CAUSE OF ACTION
### (New York Labor Law - Discrimination and Retaliation)

89.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

90.     By terminating Plaintiff, Defendants violated New York Labor Law § 215.

91.     New York Labor Law § 215 states:

§ 215. Penalties and civil action; [fig 1] prohibited retaliation

1. (a) No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has [fig 1] engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter, or any order issued by the commissioner (ii) because such employer or person believes that such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general, or to any other person that the employer has violated any provision of this chapter, or any order issued by the commissioner (iii) because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter, or [fig 2] (iv) because such employee has provided information to the commissioner or his or her authorized representative or the attorney general, or [fig 3] (v) because such employee has testified or is about to testify in an investigation or proceeding under this chapter, or [fig 4] (vi) because such employee has otherwise exercised rights protected under this chapter, or [fig 5] (vii) because the employer has received an adverse determination from the commissioner involving the employee.

An employee complaint or other communication need not make explicit reference to any section or provision of this chapter to trigger the protections of this section.

\*\*\*\*\*\*          \*\*\*\*\*\*          \*\*\*\*\*\*

2. (a) An employee may bring a civil action in a court of competent jurisdiction against any employer or persons alleged to have violated the provisions of this section. The court shall have jurisdiction to restrain violations of this section, within two years after such violation, regardless of the dates of employment of the employee, and to order all appropriate relief, including enjoining the conduct of any person or employer; ordering payment of liquidated damages, costs and reasonable attorneys' fees to the employee by the person or entity in violation; and, where the person or entity in violation is an employer, ordering rehiring or reinstatement of the employee to his or her former position with restoration of seniority or an award of front pay in lieu of reinstatement, [fig 1] and an award of lost compensation [fig 2] and damages, costs and reasonable attorneys' fees. Liquidated damages shall be calculated as an amount not more than ten thousand dollars. The court shall award liquidated damages to every employee aggrieved under this section, in addition to any other remedies permitted by this section. The statute of limitations shall be tolled from the date an employee files a complaint with the commissioner or the commissioner commences an investigation, whichever is earlier, until an order to comply issued by the commissioner becomes final, or where the commissioner does not issue an order, until the date on which the commissioner notifies the complainant that the investigation has

16

concluded. Investigation by the commissioner shall not be a prerequisite to nor a bar against a person bringing a civil action under this section.

3. Any employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person who violates subdivision one of this section shall be guilty of a class B misdemeanor.

92.    Prior to the commencement of this claim, on January 14, 2013, Plaintiff served a copy of this Complaint upon the Attorney General of New York State.

93.    Due to Defendants' illegal termination of Plaintiff, Plaintiff seeks and is entitled to recover from Defendants his unpaid wages, damages for unreasonably delayed payment of wages, back pay, front pay, rehiring and/or reinstatement to his former position, and reasonable attorneys' fees, costs and disbursements of the action, and liquidated/punitive damages, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a.   Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b.   An order tolling the statute of limitations;

c.   Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the

17

pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

e. An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of unpaid wages, and unpaid minimum wages due under the FLSA and the New York Labor Law;

g. An award of liquidated and/or punitive damages, as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and the New York Labor Law;

h. An award of prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorney's and expert fees;

j. An award of lost compensation resulting from Plaintiff's illegal termination; and

k. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
January 14, 2013

LAW OFFICE OF WILLIAM COUDERT RAND

William Coudert Rand, Esq.
*Attorney for Plaintiff*, Individually and on
Behalf of All Persons Similarly Situated
488 Madison Avenue, Suite 1100
New York, New York 10022
Tel: (212) 286-1425
Fax: (646) 688-3078
Email: wcrand@wcrand.com

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _Culinart, Inc., Mike Viola, &_ _Matthew Santarpia_

To pay me minimum wages and/or overtime wages as required under state and/or federal law including the Fair Labor Standards Act and also authorize the filing of this consent in the action(s) challenging such conduct.

_Osagie P. Ikikhueme_
Printed Name

_Signature_

_Jan. 7th, 2013_
Date

7