UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
OSAGIE IKIKHUEME, *individually and on behalf of all other persons similarly situated*,

                                           Plaintiff,

                -v-

CULINART, INC., et al,

                                           Defendants.
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/3/2013

13 Civ. 293 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

      Plaintiff, Osagie Ikikhueme, brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law, N.Y. Lab. Law §§ 650 *et seq.*, for wage and hour violations, discrimination, and retaliation, on behalf of himself and a putative class of similarly situated employees. On March 15, 2013, Plaintiff moved for preliminary certification of the case as an FLSA collective action and approval of a collective action notice. (Docket No. 11). For the reasons discussed below, Plaintiff's motion is denied.

## BACKGROUND

      Defendant, CulinArt, Inc. ("CulinArt"), is a privately owned contract dining service company that operates on-site corporate, educational, and leisure dining facilities at approximately 200 different locations around the country. (Pitkewicz Decl. ¶ 3). CulinArt asserts that its "services are uniquely tailored to each particular client and location." (*Id.*). It has 175 employees at its largest location, and just one at its smallest locations. (*Id.*). Additionally, some locations employ unionized staff, while others are not unionized. (*Id.*).

      Plaintiff was employed by CulinArt in various food service capacities and at various

locations from August 16, 2011, to December 21, 2012. (Ikikhueme Decl. ¶¶ 1-4 (Docket No. 13)). Plaintiff's claims arise from his employment as a Sous Chef at Teachers College, Columbia University, for approximately seven months, from May 1 to December 21, 2012. (*Id.* ¶¶ 4-5). Plaintiff claims that during this time he frequently worked more than forty hours per week but was not paid overtime. (Compl. ¶¶ 33, 41-51, 54-55). Plaintiff also claims that after he complained about the illegal pay practices, he was given false disciplinary write-ups and ultimately terminated. (*Id.* ¶¶ 62-67).

Defendants classified Plaintiff, during the relevant time that he worked as a Sous Chef, as exempt from the FLSA, and thus maintain that they were not required to pay him overtime because he was paid a flat weekly salary. (Pitkewicz Decl. ¶ 6; Marino Decl. Ex. 11). Plaintiff contends that he was misclassified as exempt under the FLSA. (Pl.'s Reply Mem. 1-2). Plaintiff initially sought to represent a class composed of *all* food service employees employed by CulinArt, without regard to location — a class that could number in the thousands. (Pl.'s Mem. 2, 7; Defs.' Mem. 1). In his Reply Memorandum, however, Plaintiff has limited his proposed class to Sous Chefs, again without regard to location. (Pl.'s Reply Mem. 1-2).

## DISCUSSION

Article 16(b) of the FLSA provides, in relevant part, that

> [a]n action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Accordingly, in a collective action under the FLSA — as distinct from a class action under Rule 23 of the Federal Rules of Civil Procedure — only plaintiffs who

2

affirmatively opt in can benefit from the judgment or be bound by it. *See, e.g.*, *Bifulco v. Mortgage Zone, Inc.*, 262 F.R.D. 209, 213 (E.D.N.Y. 2009) ("Under the FLSA, potential plaintiffs are required to 'opt-in' 'to be bound by the judgment (and to benefit from it).'" (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997))); *see also Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013) (explaining that employees "become parties to a collective action only by filing written consent with the court").

It is well established that "district courts 'have discretion, in appropriate cases, to implement [the FLSA] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 169 (1989)). Specifically, a district court must make a preliminary determination, based on the plaintiff's pleadings and affidavits, whether potential opt-in plaintiffs are "similarly situated" to the named plaintiff. *See, e.g.*, *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006). Strictly speaking, to warrant preliminary certification, named plaintiffs need only make a "modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555 (internal quotation marks omitted). At the same time, the plaintiff's burden "cannot be satisfied simply by unsupported assertions." *Id.* (internal quotation marks omitted). Put another way, "[w]hile [p]laintiff's burden of proof is low, it is not non-existent — certification is not automatic." *Romero v. H.B. Auto. Grp., Inc.*, No. 11 Civ. 386 (CM), 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012) (internal quotation marks omitted); *see also, e.g.*, *Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F. Supp. 2d 200, 207 (N.D.N.Y. 2009) ("Although the standard which governs plaintiff's

application is lax, and their burden modest, a court must nonetheless take a measured approach when addressing a request for collective action certification, mindful of the potential burden associated with defending against an FLSA claim involving a broadly defined collective group of plaintiffs.").

In this case, Plaintiff has not satisfied the burden, however low. Plaintiff's claims arise out of his employment at a single location operated by CulinArt, Teachers College, where he was the only Sous Chef. (*See* Compl. ¶¶ 32-33; Second Pitkewicz Decl. ¶ 2 (Docket No. 29)). Nevertheless, the only affidavits filed in support of the motion for certification are from Plaintiff himself. (*See* Docket Nos. 13, 26). Moreover, in his pleadings and affidavits, Plaintiff has made no allegations regarding the responsibilities or pay practices of the Sous Chefs who preceded him or succeeded him at Teachers College. In fact, Plaintiff makes only one statement regarding other Sous Chefs employed by CulinArt (at any location), when he declares that it is his "*understanding* that the other Sous Chef employees of Defendants had similar duties and responsibilities and also were not managers." (Pl.'s Reply. Decl. ¶ 12 (Docket No. 26) (emphasis added)). This is exactly the type of "unsupported assertion[ ]" that, according to the Second Circuit, "cannot . . . satisf[y]" a plaintiff's burden at the preliminary certification stage. *Myers*, 624 F. 3d at 555 (internal quotation marks omitted). Finally, Plaintiff's claim that Defendants have admitted that Sous Chefs are misclassified as exempt is disingenuous as Defendants have specifically argued that Plaintiff and his fellow Sous Chefs were properly classified. (*Compare* Defs.' Opp'n 7-10, 15-16, *with* Pl.'s Reply Mem. 2).

As Plaintiff has put forward no evidence regarding similarly situated Sous Chefs, his motion for preliminary certification of a collective action and approval of the proposed notice must be denied. The Clerk of Court is directed to terminate the Motion. (Docket No. 11).

SO ORDERED.

Dated: June 3, 2013
      New York, New York

_____
JESSE M. FURMAN
United States District Judge